UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN CLOWNEY                                                  CIVIL ACTION

versus                                                        NO. 14-63

WARDEN TERRELL                                                SECTION: "H" (3)

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, John Clowney, is a state prisoner incarcerated at the Allen Correctional Center, Kinder, Louisiana. On April 20, 2009, he was convicted of aggravated battery under

Louisiana law.[1] On May 29, 2009, he was sentenced to a term of ten years imprisonment.[2] On that same date, he filed a motion to reconsider sentence;[3] that motion was denied on August 18, 2009.[4] On May 12, 2010, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction; however, the Court of Appeal declined to review his sentence and instead remanded the matter to the district court based on an erroneous belief that the motion to reconsider sentence was still pending.[5] In a subsequent ruling on January 30, 2012, the Court of Appeal again ordered the district court to rule on the motion to reconsider.[6] At a hearing on March 5, 2012, the district court informed petitioner that the motion had been denied on August 18, 2009.[7]

In the interim, on or about May 6, 2011, petitioner had filed an application for post-conviction relief with the state district court.[8] Also, on or about March 23, 2012, he filed an application with the Louisiana Fourth Circuit Court of Appeal.[9] On April 3, 2012, the Court of

---

[1] State Rec., Vol. II of III, transcript of April 20, 2009, p. 82; State Rec., Vol. I of III, minute entry dated April 20, 2009; State Rec., Vol. I of III, jury verdict form.

[2] State Rec., Vol. II of III, transcript of May 29, 2009; State Rec., Vol. I of III, minute entry dated May 29, 2009.

[3] State Rec., Vol. I of III.

[4] State Rec., Vol. I of III, order dated August 18, 2009.

[5] State v. Clowney, No. 2009-KA-1503, 2010 WL 8972137 (La. App. 4th Cir. May 12, 2010); State Rec., Vol. I of III.

[6] State v. Clowney, No. 2012-K-0060 (La. App. 4th Cir. Jan. 30, 2012); State Rec., Vol. I of III.

[7] State Rec., Vol. I of III, minute entry dated March 5, 2012.

[8] State Rec., Vol. I of III.

[9] State Rec., Vol. I of III, application in case No. 2012-K-0449.

Appeal transferred that application to the district court for consideration.[10]  When the district court failed to act, the Court of Appeal issued another ruling on October 12, 2012, ordering the district court to act on the application within thirty days.[11]  Then, on January 11, 2013, petitioner withdrew his post-conviction application;[12] however, it is unclear whether that withdrawal also extended to the application transferred to the district court by the Court of Appeal.

    Lastly, this Court notes that the record indicates that the state had originally indicated that it would file a multiple bill to charge petitioner as an habitual offender.  However, on January 11, 2013, the district court closed the case with no multiple bill ever having been filed.[13]

    On January 8, 2014, petitioner filed the instant federal *habeas corpus* application.[14]  The state argues that the application should be dismissed because petitioner failed to exhaust his claims in the state courts.[15]

    "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  The United States Supreme Court has explained:

---

[10] State v. Clowney, No. 2012-K-0449 (La. App. 4th Cir. Apr. 3, 2012); State Rec., Vol. I of III.

[11] State v. Clowney, No. 2012-K-1390 (La. App. 4th Cir. Oct. 12, 2012); State Rec., Vol. I of III.

[12] State Rec., Vol. I of III, minute entry dated January 11, 2013.

[13] State Rec., Vol. I of III, minute entry dated January 11, 2013.

[14] Rec. Doc. 1.

[15] Rec. Doc. 14.

- 3 -

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted). That requirement applies to all levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "each appropriate state court *(including a state supreme court with powers of discretionary review)*." Baldwin, 541 U.S. at 29 (emphasis added). Moreover, the claim must have been presented "in a procedurally proper manner according to the rules of the state courts." Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted); see also Carty v. Thaler, 583 F.3d 244, 254 (5th Cir. 2009) ("Fair presentation does not entertain presenting claims for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor. The purposes of the exhaustion requirement would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not,

consistent with its own procedural rules, have entertained it." (citation and quotation marks omitted)).

Petitioner's statement of his claims in his federal application is largely nonsensical. Therefore, this Court cannot discern with any degree of certainty what claims he is attempting to assert in this proceeding. Nevertheless, those claims, whatever they may be, are clearly unexhausted because petitioner has not properly filed any applications whatsoever with the Louisiana Supreme Court raising the claims.[16] As a result, even if the any of his claims were to have merit, which is an issue that this Court need not and does not reach, relief could not be granted. See Mercadel v. Cain, 179 F.3d 271, 277 (5th Cir. 1999) ("[A]bsent the applicability of an exception to the exhaustion requirement, a federal court lacks the authority to grant habeas relief on an unexhausted claim.").[17]

---

[16] The undersigned notes the Louisiana Supreme Court's Central Staff wrote a letter to petitioner dated June 10, 2010, which stated: "In reply to your letter of June 8, 2010, please be advised that ... We are returning your papers to you unfiled. You must initially raise your claim(s) regarding recusal of the judge and the district attorney in the district court. If you do not receive a satisfactory response there, you should file for writs at the Court of Appeal." Rec. Doc. 1, p. 33. Although it is unclear what petitioner submitted the Louisiana Supreme Court, it is clear that his submission was rejected. Because his submission was improper and not in conformity with the rules of the state courts, it had no impact on the federal exhaustion requirement. Moreover, out of an abundance of caution, in a telephone conversation with the staff of the Clerk of the Louisiana Supreme Court on June 13, 2014, the undersigned's staff confirmed that petitioner has not properly filed any applications with that court.

[17] The state also contends that this Court should find the claims procedurally barred, arguing that any new attempt by petitioner to return to the state courts to exhaust his claims would be doomed to failure because the claims would be rejected on procedural grounds. See, e.g., Bledsue v. Johnson, 188 F.3d 250, 254 (5th Cir. 1999) ("Procedural default exists where ... the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred."). However, given the unclear and error-ridden history of this case in the state courts, it is arguably unclear what the state courts would in fact do if petitioner were to make another attempt to seek state post-conviction review. Therefore, the undersigned declines to recommend that the claims be dismissed with prejudice as procedurally barred.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by John Clowney be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[18]

New Orleans, Louisiana, this twenty-third day of June, 2014.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.